# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-696V
Filed: November 30, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \*      \*      UNPUBLISHED

ALLEN HALL, *Personal Representative*      \*
*of the Estate of* APRIL MICHELL      \*
JUSTICE,      \*

      \*      Chief Special Master Dorsey

      Petitioner,      \*

      \*

v.      \*

      \*      Attorney's Fees and Costs; Reasonable

SECRETARY OF HEALTH      \*      Amount Requested to which Respondent

AND HUMAN SERVICES,      \*      Does Not Object.

      \*

      Respondent.      \*

      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*      \*

James C. Wright, Butler, Vines & Babb, PLLC, Knoxville, TN, for petitioner.
Michael P. Milmoe, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On October 15, 2012, Allen Hall filed a petition for compensation on behalf of his deceased daughter, April Michelle Justice ("April"), under the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of receiving the Influenza (flu) vaccine on September 4, 2010, April suffered from Chronic Inflammatory Demyelinating Neuropathy ("CIPD"), which eventually led to her death on May 27, 2014.  Petition at 1; Petitioner's ("Pet'r's") Status Report dated June 26, 2014, (ECF No. 51).  On November 25, 2015, the parties filed a stipulation stating that a decision should be entered

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("the Act").  All citations in this decision to individual sections of the Act are to 42 U.S.C. §300aa.

awarding compensation. On November 30, 2015, the undersigned issued a decision awarding compensation to petitioner.

Also on November 25, 2015, the parties filed a stipulation concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs in the amount of $99,088.09. Stipulation at ¶ 3. Respondent does not object to an award in this amount. Id. In accordance with General Order #9, petitioner represents that he has not incurred any reimbursable costs in pursuit of this claim. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Based on the reasonableness of petitioner's request and respondent's lack of objection, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

1) In the form of a check jointly payable to petitioner and petitioner's attorney, James C. Wright of Butler, Vines & Babb, PLLC, in the amount of **$99,088.09**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.